[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his counsel who became stand-by counsel during his criminal trial was ineffective in that he failed to adequately prepare and investigate the case subpoena witnesses, advise petitioner how to impeach the victim and misrepresented that the victim was not likely to attend the trial and failed to engage in plea bargaining.
The record of the criminal trial discloses that the petitioner, who was positively identified by the victim and her companion, had confronted the victim as she left a bank on January 17, 1992 and approached Baltimore Street and Homestead Avenue. He demanded her purse and when she refused drew a knife and grabbed her shirt and hit her. When he swung the knife she was able to pull free and run back to the bank but dropped her purse on the way. At about this time Howard Frazer and Earl Forrest had driven up and had stopped so that Forrest could look up a telephone number. Frazer noticed the altercation which occurred and saw the knife drawn and then saw the petitioner pick up the purse and head through a residential property on Baltimore Street towards Kent Street. The two followed in the car and apprehended the petitioner on Kent Street with the purse until the police officer arrived
The petitioner testified that his counsel met with him for about five minutes 6 to 8 weeks after arrest and gave a pretrial figure of 27 years which even he said was pretty high. He asked him to locate two witnesses, Lester Blue and petitioner's wife but didn't say what information they would have concerning the case. He was released on bond shortly thereafter and made no attempt to get in touch with his attorney, Mr Zeldes. Zeldes testified that he had attempted to get in touch with the petitioner but had no telephone number or address where he could be reached. The petitioner was arrested a month or so before the instant case was called up for trial and a second pretrial resulted in an offer of 20 years for both incidents. At the time CT Page 6470 the petitioner was unhappy at the efforts of Zeldes to get a plea bargain of 10 years and asked for new counsel or in the alternative to represent himself. He thinks it was at this point he learned, he believes from Zeldes, that the victim would not appear for trial Zeldes has no memory of this He was allowed to represent himself with Zeldes as stand-by counsel. The petitioner received a total sentence of 45 years execution suspended after 35 years for the instant incident and 9 1/2 years on the new incident which was tried separately.
A successful petitioner must show that here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonablenessAillon v. Meachum, 211 Conn. 352, 357. The petitioner did not make himself available so that a defense strategy could be worked out for a lower plea bargained sentence but while on bond from the instant incident was accused of further criminal activity. Both from the police report and the description of the identification of the petitioner by the victim there is no reasonable probability the result of the petitioner's criminal trial would have been different. Id., 357
For the above reasons the petition is denied
Thomas H. Corrigan Judge Trial Referee